IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM L. DEUERLEIN, | ) | 8:15CV14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, DANA SEARS, NDHHS, FURNAS COUNTY SHERIFF DEPARTMENT, NATALIE NELSON, Guardian Ad Litem, KEVIN URBOM, and TOM PATTERSON, Furnas County Attorney, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff William L. Deuerlein ("Plaintiff") filed his Complaint (Filing No. 1) on January 13, 2015. This court has given him leave to proceed in forma pauperis. The court now conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the State of Nebraska, state and county officials, and others involved in the judicial proceedings leading to the termination of Plaintiff's parental rights. Plaintiff alleged the state took custody of Plaintiff's minor children on July 12, 2008, and later in July, placed them in foster care and accused Plaintiff of abuse and neglect. (Filing No. 1 at CM/ECF p. 2.) On December 14, 2009, the state filed a petition for the termination of Plaintiff's parental rights, and Plaintiff's rights were ultimately terminated on June 21, 2010. (*Id.*)

Plaintiff alleged the state, and others involved, falsely accused him of being an alcoholic and drug addict, and of suffering from mental health issues. (*Id.*) Plaintiff alleged Defendants "Shang Highed" him of his parental rights, and acted with bias and malice toward him. (*Id.*) For relief, Plaintiff seeks the "return of [his] minor children as well as damages of 5 million dollars." (*Id.* at CM/ECF p. 3.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

#### A.   *Rooker-Feldman*

The court does not have jurisdiction to reverse the state court's judgment terminating Plaintiff's parental rights. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine applies where, as here, a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff is challenging the state court's decision to terminate his parental rights. He explicitly asks that his children be returned to him. Any review of Plaintiff's claims would require this court to review the specific issues addressed in the state court proceedings. This court does not have jurisdiction to review the state court proceedings or grant the relief Plaintiff seeks. Accordingly, the court will dismiss this case for lack of subject matter jurisdiction. In the alternative, Plaintiff's claims against the various Defendants are subject to dismissal for other reasons identified below.

## B. Defendants

### 1. Tom Patterson

Plaintiff sued the prosecutor in the state court proceedings, Furnas County Attorney Tom Patterson. (*See* Filing No. 1 at CM/ECF pp. 3, 28.) Plaintiff alleged Patterson "hid" a report "from the ER."[1] (*Id.* at CM/ECF p. 9.)

Plaintiff's claims against Patterson must be dismissed because prosecutors "are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (internal quotation marks and citation omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* Allegations that a prosecutor presented false testimony or withheld evidence do not defeat prosecutorial immunity. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (overruled on other grounds). *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir.1986) (holding that a prosecutor's alleged "use of perjured testimony and the non-disclosure of exculpatory information are certainly entitled to absolute immunity.").

### 2. Natalie Nelson

Plaintiff sued the guardian ad litem in the state court proceedings, Natalie Nelson. (*See* Filing No. 1 at CM/ECF pp. 3, 28.) Plaintiff alleged Nelson made false statements in the state court proceedings. (*Id.* at CM/ECF p. 3.)

---

[1] Plaintiff alleged elsewhere in his Complaint that county and state officials took one of his children to the emergency room based on a report that Plaintiff had struck the child with a belt. According to Plaintiff, "the exam was negative," presumably meaning that emergency room personnel did not discover signs of abuse. (Filing No. 1 at CM/ECF p. 7.)

4

Plaintiff's claims against Nelson must be dismissed because she is entitled to immunity. "It is well settled that officials are entitled to absolute immunity from civil rights suits for the performance of duties which are 'integral parts of the judicial process' as long as the judicial function was granted immunity under common law at the time § 1983 was enacted." *Dornheim v. Sholes*, 430 F.3d 919, 925 (8th Cir. 2005). A guardian ad litem's absolute immunity extends to her duties of preparing reports and making recommendations to family court. *McCuen v. Polk Cnty., Iowa*, 893 F.2d 172, 174 (8th Cir. 1990).

### 3. State of Nebraska

The Eleventh Amendment bars private parties from suing a state in federal court. Suits in federal court against state agencies are similarly barred by the Eleventh Amendment when the suit is in reality a suit against the state. *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Moreover, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state is not a "person" as that term is used in § 1983, and is not suable under the statute. *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Thus, § 1983 does not create a cause of action against the State of Nebraska or the Nebraska Department of Health and Human Services.

Plaintiff also sued Dana Sears, a Nebraska Department of Health and Human Services employee. Plaintiff alleged Sears was also involved in the termination proceedings. (Filing No. 1 at CM/ECF pp. 4, 28.) Plaintiff did not specify the capacity in which Sears is sued. Therefore, the court presumes that she is sued in her official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531,

535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). The Eleventh Amendment does not bar a suit against a state official when the plaintiff seeks prospective injunctive relief to prevent future violations of federal law. *Gibson v. Arkansas Dep't of Corr.*, 265 F.3d 718, 720-21 (8th Cir. 2001).

Here, Plaintiff's only request for non-monetary relief is that this court order the State of Nebraska to return his children to him. Apart from the fact that this court could not order such relief (*see Rooker-Feldman* discussion above), this is not a request for prospective injunctive relief. Accordingly, Plaintiff's claims against Dana Sears in her official capacity are also barred by the Eleventh Amendment. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (reiterating that damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment).

### 4. Furnas County Sheriff's Department

Plaintiff's Complaint also fails to state a facially plausible claim for relief against the Furnas County Sheriff's Department. "[A] sheriff's department is not subject to suit." *Friar v. Jackson Cnty. Sheriff Dept.*, No. 1:14CV00097 BSM, 2014 WL 7073502, *2 (E.D. Ark. Dec. 12, 2014) (collecting cases). Even if the court were to construe the Complaint as a suit against Furnas County itself, municipal liability cannot be imposed absent factual allegations that unlawful actions were taken pursuant to a municipality's unconstitutional policy or custom. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff has not alleged any policy or custom caused his injuries.

5.     **Kevin Urbom**

Finally, Plaintiff sued the attorney who represented him in the state court proceedings, Kevin Urbom. (Filing No. 1 at CM/ECF pp. 5, 28.) In order to succeed on a § 1983 claim, a plaintiff must demonstrate that the defendants acted under color of state law. 42 U.S.C. § 1983; *West*, 487 U.S. 42, 49-50 (1988). The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. See *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). However, a § 1983 claim may be brought against a private individual if he conspires with a state actor to deprive a person of his constitutional rights. *Id.* Here, Plaintiff does not set forth allegations suggesting Urbom is a state actor or that he conspired with state actors to deprive Plaintiff of his constitutional rights.

In summary, the court concludes Plaintiff's Complaint is subject to dismissal because this court does not have jurisdiction to review the state court proceedings or grant the relief Plaintiff seeks. In the alternative, Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief may be granted, and seeks relief from Defendants who are immune from such relief.

IT IS THEREFORE ORDERED that:

1.     The Complaint (Filing No. 1) is dismissed with prejudice.

2.     A separate judgment will be entered in accordance with this Memorandum and Order.

3. Plaintiff's Motion to Appoint Counsel (Filing No. 3) is denied as moot.

DATED this 10th day of April, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.